IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GINA KARACOSTAS | § | CIVIL ACTION NO._____ |
| | § | |
| *Plaintiff,* | § | |
| | § | JUDGE _____ |
| vs. | § | |
| | § | |
| LINDE INC., ET AL | § | |
| | § | JURY DEMANDED |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, GINA KARACOSTAS, complaining of LINDE INC, LINDE SERVICES, INC. and LINDE ADVANCE MATERIAL TECHNOLOGIES INC. and in support thereof would show unto the Court the following:

### I.
### PARTIES

1. Plaintiff Gina Karacostas is a resident and citizen of Galveston, Galveston County, Texas and at all times relevant hereto lived in Galveston County, Texas.

2. Defendant Linde Inc. is a Foreign For-Profit Corporation doing business in Texas for the purpose of accumulating monetary profit. Plaintiff's causes of action arose out of business conducted by Linde Inc. in Texas. Linde Inc.'s

principal office is located at 10 Riverview Drive, Danbury, Connecticut, 06810. Linde Inc. may be served with citation though its registered agent, United Agent Group Inc., 5444 Westheimer, Suite 1000, Houston, Texas 77056 or wherever it may be found.

3.     Defendant Linde Services Inc. is a Domestic For-Profit Corporation doing business in Texas for the purpose of accumulating monetary profit. Plaintiff's causes of action arose out of business conducted by Linde Services Inc. in Texas. Linde Services Inc.'s principal office is located at 10 Riverview Drive, c/o Praxair Inc Income, Danbury, Connecticut, 06810. Linde Services Inc. may be served with citation though its registered agent, United Agent Group Inc., 5444 Westheimer, Suite 1000, Houston, Texas 77056 or wherever it may be found.

4.     Defendant Linde Advanced Material Technologies Inc. is a Foreign For-Profit Corporation doing business in Texas for the purpose of accumulating monetary profit. Plaintiff's causes of action arose out of business conducted by Linde Advanced Material Technologies Inc. in Texas. Linde Advanced Material Technologies Inc.'s principal office is located at 39 Old Ridgebury Road, Danbury, Connecticut, 06810. Linde Advanced Material Technologies Inc. may be served with citation though its registered agent, United Agent Group Inc., 5444 Westheimer, Suite 1000, Houston, Texas 77056 or wherever it may be found.

## II.
## MISNOMER/ALTER EGO

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## III.
## VENUE AND JURISDICTION

6. Venue lies in this Court because the incident made the basis of this suit and all or a substantial part of the events or omissions giving rise to the claim occurred in Galveston County, Texas.

7. The Court has jurisdiction because the parties herein are completely diverse, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332.

## IV.
## FACTUAL BACKGROUND

8. Plaintiff brings this suit to collect a legal debt of money damages owing to Plaintiff due to a crippling injury that took place on or about June 19, 2023, between Pier 16 and Pier 18 in Galveston, Galveston County, Texas. On that occasion, Plaintiff's left femur was traumatically shattered as well as other injuries

by a powered Forklift designed and manufactured by Defendants, Model E30P, Serial No. G1X336W50949 also known as Forklift 949.

9.  The Forklift was and is unreasonably dangerous. The Forklift was being driven by a fellow employee and it malfunctioned and would not stop or back up and pinned Plaintiff to the stairs of the shore crane. The Forklift malfunctioning was witnessed by others, and a group of people had to manually push the Forklift off of Plaintiff with their own hands.

10. At the time of the incident, the Forklift had not been altered or changed, and was in substantially the same condition, as it was when it left Defendants' possession.

11. As a result of the incident Plaintiff has endured over 25 painful, extensive, and expensive surgeries. Plaintiff continues with physical rehabilitation from the incident and resulting surgeries and there will be more surgeries in the future.

12. Defendants knew or should have known that there were feasible and practical alternative designs that would have eliminated the risk of the Forklift not braking or not being able to go in reverse, and/or alerting the operator of an electrical failure. Defendants' actions and failures to incorporate these alternative designs were the producing and/or proximate cause of Plaintiff's injuries.

13. Further, there is no contributory and/or comparative negligence on the part of Plaintiff. To the contrary, this occurrence and Plaintiff's resulting injuries and damages were proximately caused by the negligence, as that term is understood in law, of the Defendants. The unreasonably dangerous and defective condition of the Forklift manufactured and designed by Defendants was the producing and/or proximate cause of the injuries and damages to the Plaintiff.

## V.
## CAUSES OF ACTION

### STRICT PRODUCT LIABILITY

14. The Forklift was unsafe, defective, and unreasonably dangerous as designed, manufactured, and sold. Defendants designed, formulated, constructed, fabricated, produced and assembled the Forklift. There are no federal governmental standards or regulations setting out mandatory standards or regulations of safety applicable to the Forklift. The Forklift was not subject to pre-market licensing or approval by the federal government or an agency of the federal government.

15. The Forklift was defective, unsafe and unreasonably dangerous in the following particulars:

   a. The electric reverse pedal (used by operators to stop the Forklift) will not function when there is a sudden loss of power;

   b. There is no warning system or other failsafe device to notify the operator of a sudden loss of power; and

    c.    There is no mechanical braking system that is automatically triggered by a sudden loss of power.

16. The defective nature of the Forklift in question was a producing and/or proximate cause of the injuries and damages suffered by Plaintiff, Gina Karacostas.

## **Failure to Warn**

17. Defendants failed to warn users of the unsafe and unreasonably dangerous conditions created by the Forklift and failed to warn, or failed to adequately warn, of the following conditions:

    a.    that the electric reverse pedal will not operate in the event of a sudden power disruption;

    b.    that there is no mechanism to automatically stop the Forklift in the event of a sudden loss of power; and

    c.    that there is no warning system or other indicator to alert the operator of a sudden loss of power.

## **Negligence**

18. Defendants were negligent in the design, manufacture, marketing, and sale of the Forklift in question in the following particulars:

    a.    The defendants were negligent in the design of the Forklift. The Forklift was designed in a manner that created an unreasonable risk of harm by not adequately incorporating an automatic mechanical braking system to stop in the event of a sudden power failure. Operators are instructed to use an electric reverse peddle to slow, stop, and reverse the Forklift. The proper function of this reverse peddle requires a constant, uninterrupted supply of electrical power. The reverse peddle will not slow, stop, or reverse the Forklift if there is a power failure

creating an unreasonable risk of harm to people in close proximity to the Forklift as well as the operator.

b. The Defendants were negligent in the design of the Forklift. The Forklift was designed in a manner that created an unreasonable risk of harm by not adequately incorporating an audible or visual indicator to alert the operator and/or others in close proximity to the Forklift that the Forklift had lost power. By failing to alert the operator of a sudden and/or unexpected loss of power the operator may, and in this instance did, attempt to stop the Forklift by pressing on the electric reverse peddle which will not function without electrical power. Because the operator was not alerted as to the sudden and unexpected loss of power her efforts to slow and stop the Forklift by pressing the electric reverse peddle had no effect causing the Forklift to collide with the Plaintiff. Furthermore, failing to incorporate a visual and/or audible alert in the event of sudden or unexpected loss of power was negligent in that it does not warn others in close proximity of the Forklift's loss of power and the operator's limited ability to control and/or stop the Forklift.

c. The Defendants were negligent in failing to warn users and persons in the vicinity of the Forklift of the operator's inability to adequately stop and/or control the Forklift in the event of a sudden power failure. Defendants failed to properly warn operators that the electric reverse peddle would not slow, stop, or reverse the Forklift following a sudden and/or unexpected loss of power.

19. The negligence of Defendants was a proximate cause of Plaintiff's resulting injuries and damages which are described below. No action or failure to act by Plaintiff in any way caused or contributed to the cause of the occurrence or Plaintiff's injuries.

## VI.
## DAMAGES

20. Upon the trial of this cause, it will be shown that Plaintiff sustained severe injuries and damages as a proximate result of Defendants' negligence, as well

as their design, manufacturing, marketing, and sale of the Forklift in an unreasonably dangerous and defective condition.  Plaintiff respectfully requests that a Court and jury determine the amount of the losses she has incurred in the past, not solely in terms of monetary and financial loss, but also in terms of good health and freedom from pain and worry. From the date of the incident in question up until the time of trial of this matter, the elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff are as follows:

    a. Severe and permanent physical impairment which renders Plaintiff largely disabled from the date of the incident made the basis of this lawsuit up until the time of trial;

    b. Great physical pain and mental anguish that Plaintiff has suffered from the date of the incident in question up to the time of trial;

    c. Disfigurement suffered by Plaintiff from the date of the incident made the basis of this lawsuit up to the time of trial;

    d. Loss of enjoyment of life for Plaintiff had she been able to live a normal life in the past up to the time of trial;

    e. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the date of the incident in question up to the time of trial;

    f. The partial or permanent disability Plaintiff has suffered and will suffer up to the time of trial;

    g. Cost of care, including rehabilitation care and therapy, physical therapy, occupational therapy,  and other care that was medically reasonable and necessary for the care of Plaintiff from the time of this incident in question to the time of trial; and

    h. Loss of earning capacity from the date of the incident in question to the time of trial.

21. All of the damages sought herein, as a result of the Defendants' actions, are within the jurisdictional limits of this Court. Plaintiff further pleads for costs and pre-judgment and post-judgment interest as allowed by law.

## VII.
## FUTURE DAMAGES

22. Upon the trial of this cause, it will be shown that Plaintiff will sustain severe injuries and damages as a proximate result of Defendants' negligence, as well as their design, manufacturing, marketing, and sale of the Forklift in an unreasonably dangerous and defective condition. Plaintiff respectfully requests that a Court and jury determine the amount of the future losses she will incur in the future, not solely in terms of monetary and financial loss, but also in terms of good health and freedom from pain and worry. From the date of the incident in question up until the time of trial of this matter, the elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff from the date of trial and in the future are as follows:

    a. Severe and permanent physical impairment which renders Plaintiff largely disabled from the date of trial and in the future;

    b. Great physical pain and mental anguish that Plaintiff will suffer from the date of trial and in the future;

c. Disfigurement suffered by Plaintiff from the incident made the basis of this lawsuit from the time of trial and in the future;

d. Loss of enjoyment of life for Plaintiff had she been able to live a normal life in the past from the time of trial and in the future;

e. The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff's injuries from the time of trial and in the future;

f. The partial or permanent disability Plaintiff has suffered and will suffer from the time of trial and in the future;

g. Cost of care, including rehabilitation care and therapy, physical therapy, occupational therapy and other care that was medically reasonable and necessary for the care of Plaintiff from the time of this incident in question from the time of trial and in the future; and

h. Loss of earning capacity from the time of trial and in the future.

23. All of the future damages sought herein, as a result of the Defendants' actions, are within the jurisdictional limits of this Court. Plaintiff further pleads for costs and pre-judgment and post-judgment interest as allowed by law.

## VIII.
## JURY DEMAND

24. Plaintiff demands a trial by jury and has tendered the appropriate fee with Plaintiff's Original Complaint.

## IX.
## PRE-JUDGMENT and POST-JUDGMENT INTEREST

25. Plaintiff further pleads for pre-judgment and post-judgment interest.

# X.
# PRAYER

26.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

a. That the Defendants be cited to appear and answer herein; and

b. That upon a trial of the merits of this cause, that Plaintiff have and recover a judgment against the Defendants, jointly and/or severally, awarding all damages, past and future, general and special, pre-judgment and post-judgment, requested and prayed for herein, and for all other relief to which Plaintiff deems and proves herself to be entitled.

Respectfully submitted,

**WILLIAM DILLS LAW, PLLC**

William Dills
TX Bar No. 24067421
800 Sawyer Street
Houston, Texas 77007
TEL: (713) 244-5286
FAX: (713) 244-6094
wdills@williamdillslaw.com

ATTORNEY FOR PLAINTIFF