Case 3:24-cv-00314   Document 52   Filed on 05/02/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GINA KARACOSTAS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00314 |
| | § | |
| LINDE INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a Motion for Summary Judgment filed by Defendant Kion North America Corporation f/k/a Linde Material Handling North America Corporation ("Kion").[1] *See* Dkt. 22. Defendants Linde Inc.; Linde Services, Inc.; and Linde Advanced Material Technologies, Inc. (collectively, the "Original Defendants"), and Linde Material Handling GmbH ("Linde MH") have joined Kion's motion. *See* Dkts. 23, 27. Because all Defendants have joined the motion, I will refer to it as "Defendants' Motion for Summary Judgment." Having reviewed the briefing, the record, and the applicable law, I recommend the court grant Defendants' Motion for Summary Judgment and enter judgment in favor of all Defendants.

## BACKGROUND

On June 19, 2023, Plaintiff sustained severe personal injuries, including a shattered left femur, when a forklift (Serial No. GIX336W50949 a/k/a Forklift 949) designed, manufactured, and sold by Defendants malfunctioned and pinned her down. On October 29, 2024, Plaintiff instituted this personal injury lawsuit

---

[1] Although styled as a "Motion to Dismiss or for Summary Judgment," the motion is plainly one for summary judgment because "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). During the May 1, 2025 hearing on this motion, the parties confirmed that they, too, understood that I must treat the motion as one for summary judgment if I considered the evidence submitted by Kion.

against the Original Defendants asserting claims of (1) strict product liability, (2) failure to warn, and (3) negligence. *See* Dkt. 1 at 1.

On December 3, 2024, Plaintiff amended her complaint to add Kion and Linde MH. *See* Dkt. 12 at 1. Defendants moved for summary judgment on January 27, 2025. The parties stipulated to allow Plaintiff to file and serve her Second Amended Original Complaint (Dkt. 35) after Defendants' Motion for Summary Judgment was filed, so long as Defendants could incorporate their Motion for Summary Judgment as their responsive pleading to Plaintiff's Second Amended Original Complaint. *See* Dkt. 39. Thus, Plaintiff's Second Amended Original Complaint is the operative pleading, and Defendants' Motion for Summary Judgment is ripe for review.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[I]nferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the [summary judgment] motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (cleaned up).

## ANALYSIS

Defendants seek summary judgment, arguing that "Plaintiff's products liability claims filed in 2024 arising from alleged defects to a forklift first sold in 2008 should be dismissed as untimely pursuant to Texas's statute of repose for products liability actions. *See* Tex. Civ. Prac. & Rem. Code § 16.021." Dkt. 22 at 1. "Section 16.012 of the Texas Civil Practice and Remedies Code establishes a 15–year statute of repose for products liability cases." *Burlington N. & Santa Fe Ry. Co. v. Poole Chem. Co.*, 419 F.3d 355, 358 (5th Cir. 2005). Under that section, "a claimant must commence a products liability action against a manufacturer or

seller of a product before the end of 15 years after the date of the sale of the product by the defendant." Tex. Civ. Prac. & Rem. Code § 16.012(b). In the context of vehicles, which may change hands several times before a consumer purchase, the Texas Supreme Court—following the Fifth Circuit's *Erie* guess—has held: "*Sale* means the transfer of title or property for a price." *Ford Motor Co. v. Parks*, 691 S.W.3d 475, 481 (Tex. 2024) (citing *Camacho v. Ford Motor Co.*, 993 F.3d 308, 311 (5th Cir. 2021)). Under the Uniform Commercial Code, which governs the sale of a forklift, "title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest." Tex. Bus. & Com. Code § 2.401(b).

The statute of repose thus bars Plaintiff's products liability claims if delivery of Forklift 949 occurred prior to October 29, 2009—15 years prior to the day Plaintiff filed this lawsuit. Kion has provided evidence that it sold Forklift 949 to a retail dealership, Northwest Forklift, Inc., on June 18, 2008 for $113,778.00 and, per the dealership's instructions, shipped Forklift 949 to Equipment Depot, Inc. in Houston, Texas. Specifically, Kion has provided a "Warranty Data Compilation" showing that Forklift 949 was sold under "Sales Order #: 1404676" and that its warranty began on September 30, 2008. Dkt. 22-1 at 6.[2] Additionally, Kion has provided an Order Confirmation for Sales Order #1404676, which shows that the order was placed on June 18, 2008, and that the "Est[imated] 1st Del[ivery] Date" and "Conf[irmed] Del[ivery] Date" were both August 29, 2008. *See* Dkt. 47-1 at 4.

Plaintiff argues that Kion's "reliance on the 'guaranteed delivery date' listed in [its] own internal document fails to satisfy the 'physical delivery of the goods' requirement under the UCC." Dkt. 50 at 2. Plaintiff contends that Kion must produce evidence "confirming or acknowledging receipt of [Forklift 949]" or

---

[2] Plaintiff objected to this "secondary evidence of the Forklift's date-of-sale," arguing that Kion should not be able to rely on such evidence "unless it can first prove that, after a diligent search, no such date-of-sale documentation exists." Dkt. 43 at 2. Kion mooted this objection when it provided the Order Confirmation for Sales Order #1404676. *See* Dkt. 47-1 at 4–5.

3

"shipping records or [a] manifest sufficient to establish 'physical delivery.'" *Id.* Plaintiff points out that the Order Confirmation states that "TRUCKS WILL BE SHIPPED DIRECT FROM EUROPE." Dkt. 47-1 at 4. According to Plaintiff, if the forklift did not leave Europe until August 20, 2008—the date that changes were last made to the intended recipient on the order confirmation—it could not possibly have been delivered to Houston by August 29, 2008, as "ocean going cargo vessels traveling from Germany's largest port in Hamburg to the Port of Houston take at least 17 days and 15 hours to make the trip." Dkt. 50 at 4. Moreover, Plaintiff argues, "[s]hipping machinery from Europe to a port in the United States would arguably create a detailed paper trail including, but not limited to, shipping manifests, insurance documents, receipts, customs documents, etc." *Id.* at 4–5.

I appreciate Plaintiff's vigorous defense against the statute of repose, and I agree with Plaintiff that Kion has not provided conclusive evidence establishing that Forklift 949 was physically delivered and title passed to the buyer on August 29, 2008. But that is not the standard. As the Texas Supreme Court has explained:

> Statutes of repose operate to relieve defendants of the burden of defending claims where evidence may prove elusive due to lost or destroyed records. . . . [A] defendant will not always have such evidence and need not prove an exact sales date to be entitled to judgment. *It is enough for the defendant to prove that the sale must have occurred outside the statutory period.*

*Parks*, 691 S.W.3d at 483 (emphasis added) (quotation omitted).

Plaintiff contends that, according to this passage in *Parks*, Kion must first show that its records were lost or destroyed before it will be allowed to simply prove that the sale must have occurred outside the statutory period. *See* Dkt. 42 at 8. Yet, other than Plaintiff's own strained interpretation of *Parks*, there is no legal support for this proposition. That the Texas Supreme Court said, "evidence *may* prove elusive," plainly contradicts Plaintiff's argument that "evidence *must* prove elusive." Thus, regardless of whether its records were lost or destroyed, Kion's only burden is "to prove that the sale must have occurred outside the statutory period." *Parks*, 691 S.W.3d at 483.

4

Kion has established that physical delivery of Forklift 949 must have occurred prior to October 29, 2009 (15 years prior to the day Plaintiff instituted this lawsuit). Even if Plaintiff is correct that Forklift 949 did not ship until August 20, 2008, by Plaintiff's own argument, there was more than enough time for the forklift to have been delivered from Europe before the warranty began on September 30, 2008. *See* Dkt. 22-1 at 6. Kion's Vice President of Operations and Aftermarket Distribution, Daniel Schlegel, declares that "the warranty period for Kion forklifts begins only after the unit has been sold, invoiced, *delivered*, and accepted by the dealer or end customer. . . . [T]hat the Forklift's warranty period began on September 30, 2008, indicates that the Forklift Kion sold the unit on or before that date." *Id.* at 3 (emphasis added). Because Kion has submitted evidence that the warranty period would not have started until the forklift was delivered, and the warranty period started on September 30, 2008, Kion has established that the statute of repose started to run on September 30, 2008.

Plaintiff challenges the paragraph of Schlegel's declaration concerning the warranty start date, arguing that "the 24 karat weasel-word 'indicates'" merely "<u>suggests</u> that the Forklift had already been sold by [September 30, 2008]." Dkt. 42 at 17. That is indeed what Schlegel's declaration suggests. But the fact that Schlegel's declaration suggests a fact—rather than conclusively establishes that fact beyond a shadow of a doubt—does not render the declaration "conclusory, vague, or not based on personal knowledge." *Id.* at 18. Schlegel, the Vice President of Operations and Aftermarket Distribution, has "been employed by Kion since 2005" (Dkt. 22-1 at 2)—long before any of the documents at issue were created. His title and time with the company are enough to indicate personal knowledge. *See Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) ("An official title alone is enough to indicate the basis of personal knowledge." (quotation omitted)). Moreover, Schlegel's explanation that delivery must have occurred by September 30, 2008, for the warranty to have started on that date is not an ultimate conclusion, as Plaintiff suggests. *See* Dkt. 42

5

at 18. An ultimate conclusion would have been a statement that the sale must have occurred outside the statutory period. Schlegel said nothing of the sort.

In overruling Plaintiff's challenge to Schlegel's declaration, I borrow the words of my colleague in the Northern District of Texas, Judge Sam A. Lindsay, who evaluated a similar declaration:

> [I] can reasonably infer from the statements in [Schlegel's declaration] that he has personal knowledge regarding the purchase, sale, and shipment of [Forklift 949], as well as [Kion]'s requirement that [the dealer or end customer] take delivery or possession of [Forklift 949 before the warranty period begins], as this knowledge is reasonably within his position with [Kion] or "sphere of responsibility."

*Cai v. Extrema Mach. Co.*, No. 3:17-cv-1417, 2019 WL 7834176, at *9 (N.D. Tex. May 4, 2019) (quoting *Cutting Underwater Techs. USA, Inc.*, 671 F.3d at 516).

> If the only summary judgment evidence of the date of sale were the [Warranty Data Compilation], the court would not be able to determine [a date certain by which delivery must have occurred]. . . . [Kion]'s submission of [Schlegel's declaration] in support of its summary judgment motion, on the other hand, provides clarifying information not included in the [Warranty Data Compilation] that explains [why delivery must have occurred by the warranty start date] without contradicting anything in the [record]. [Plaintiff]'s contention that [Kion's records] can be interpreted in a way other than that indicated in [Schlegel's declaration] is not evidence, and [Plaintiff] has not presented any refuting evidence to show that [Forklift 949 was delivered after October 29, 2009].

*Id.* at *11.

In lieu of refuting evidence, Plaintiff contends that a declaration and a warranty date are insufficient to establish the start of the statute of repose. But that contention has been implicitly rejected by the Fifth Circuit. In *Hagan v. Mazda Motor of America, Inc.*, the defendant-manufacturer's only evidence for the date of sale was a declaration by its Assistant General Counsel for Product Litigation and a Warranty Vehicle Inquiry Report. *See* Exhibit 2, No. 4:15-cv-03222 (S.D. Tex. Feb. 5, 2016). After the district court granted the defendant's motion for

6

summary judgment based on the statute of repose, the plaintiff appealed. In upholding the judgment below, the Fifth Circuit observed:

> [Defendant] produced sufficient proof that the vehicle at issue was first sold at retail on December 11, 1999. [Plaintiff] disputes this proof, yet does not present controverting evidence. Then, after establishing when the vehicle at issue was first sold, [Defendant] determined that the deadline to file any products liability action was December 11, 2014. Finally, [Defendant] established that while [Plaintiff]'s incident occurred on November 21, 2014 (prior to the expiration of the statute of repose), he filed the lawsuit on November 2, 2015—almost one year too late. So, [Defendant] met its burden, and then the burden shifted to [Plaintiff] to raise a fact issue.

*Hagan v. Mazda Motor Co. of Am., Inc.*, 690 F. App'x 242, 243 (5th Cir. 2017).

Here, as in *Cai* and *Hagan*, Kion has produced sufficient proof that Forklift 949 was delivered by September 30, 2008. While Kion has not established a definitive sale or delivery date, all the evidence that Kion has submitted harmoniously suggests that the sale must have occurred outside the statutory period. Indeed, if the record before me were submitted to a jury, no reasonable jury could find otherwise.[3] In the face of that evidence, Plaintiff has the burden to

---

[3] At oral argument, Plaintiff's counsel proclaimed that he should be permitted to conduct additional discovery before the court addresses the summary judgment motion. To obtain a continuance of a summary judgment motion to conduct additional discovery, a nonmovant must strictly follow the procedure set forth in Rule 56(d). Rule 56(d) states: "If a nonmovant shows by *affidavit or declaration* that, *for specified reasons*, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may . . . allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d)(2) (emphasis added). Plaintiff did not file a Rule 56(d) affidavit. This failure alone justifies a refusal to allow additional time to conduct discovery. *See Johnson v. Kaufman County*, No. 3:15-cv-3595, 2017 WL 978099, at *5 n.2 (N.D. Tex. Mar. 14, 2017) (rejecting plaintiff's request for additional time to conduct discovery where plaintiff failed to file an affidavit complying with Rule 56(d)).

Even if I assume that Plaintiff's summary judgment response constituted a request for a Rule 56(d) continuance, and putting aside the fact that an affidavit or declaration is required, Plaintiff fails to identify with any specificity how discovery would enable her to meet her burden in opposing summary judgment. This is important because the party seeking to avoid summary judgment "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 (5th Cir. 2006) (quotation omitted); *see also McCreless v. Moore Bus. Forms Inc.*, 111 F.3d 893, at *2–3 (5th Cir. 1997) (Summary

7

produce some refuting or controverting evidence to create a genuine dispute of material fact. Plaintiff has offered no such evidence—only argument and speculation. Thus, I find that Plaintiff's claims are barred by the statute of repose.[4]

## CONCLUSION

Because the statute of repose bars Plaintiff's claims against Defendants, I recommend the court grant Defendants' Motion for Summary Judgment (Dkt. 22) and enter judgment in Defendants' favor.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 2nd day of May 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

judgment in favor of defendant was appropriate where plaintiff "did not use the proper mechanism for requesting more discovery before a summary judgment ruling" and did "not ma[k]e a specific showing of what further discovery would reveal.").

[4] Plaintiff has not challenged Linde MH's assertion that "the statute of repose would apply equally to it." Dkt. 23 at 2. Nor has Plaintiff challenged the Original Defendants' assertion that "the substantive basis of Kion's motion would apply with equal force to them." Dkt. 27 at 1. Thus, all Defendants are entitled to summary judgment because Kion is entitled to summary judgment. Because all Defendants are entitled to summary judgment based on the statute of repose, I need not address Linde MH's argument "that it has not been properly served by Plaintiff" (Dkt. 23 at 1), or the Original Defendants' contention that they "had no connection to the forklift at issue in this lawsuit." Dkt. 27 at 1 n.1.